STEVEN W. PITE (CA SBN 157537)
DAVID E. McALLISTER (CA SBN 185831)
JOHN B. ACIERNO III (CA SBN 257176)
PITE DUNCAN, LLP
4375 Jutland Drive, Suite 200
P.O. Box 17933
San Diego, CA 92177-0933
Telephone: (858) 750-7600
Facsimile: (619) 590-1385

Attorneys for WELLS FARGO BANK, N.A. AS TRUSTEE FOR OPTION ONE
MORTGAGE LOAN TRUST 2006-3 ASSET-BACKED CERTIFICATES,
SERIES 2006-3

## UNITED STATES BANKRUPTCY COURT

### NORTHERN DISTRICT OF CALIFORNIA - OAKLAND DIVISION

| | |
|---|---|
| In re<br><br>CESAR MIRANDA ,<br><br>Debtor(s). | Case No. 09-45729-LJT<br><br>Chapter 13<br><br>**AMENDED OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN**<br><br>**Confirmation Hearing**:<br>Date: November 20, 2009<br>Time: 9:00am<br>Ctrm: Oakland – Room 201 |

Wells Fargo Bank, N.A. as Trustee for Option One Mortgage Loan Trust 2006-3 Asset-Backed Certificates, Series 2006-3 (hereinafter "Creditor"), secured creditor of the above-entitled Debtor, Cesar Miranda (hereinafter "Debtor"), hereby objects to the Chapter 13 Plan filed by Debtor in the above-referenced matter. The basis of the objection is stated below:

**I.**

**STATEMENT OF FACTS**

1. On or about August 14, 2006, Debtor, for valuable consideration, made, executed and delivered to Option One Mortgage Corporation ("Lender") a Promissory Note in the principal sum of $650,035.00 (the "Note"). Pursuant to the Note, Debtor is obligated to make monthly principal and interest payments. A true and correct copy of the Note is attached hereto as exhibit A and incorporated herein by reference.

/././

2. On or about August 14, 2006, Debtor made, executed and delivered to Lender a Deed of Trust (the "Deed of Trust") granting Lender a security interest in certain real property located at 2013 Filbert St, Oakland, California 94607-2827 (hereinafter the "Subject Property"), which is more fully described in the Deed of Trust. The Deed of Trust was recorded on August 22, 2006, in the official records of the Alameda County Recorder's office. A true and correct copy of the Deed of Trust is attached hereto as exhibit B and incorporated herein by reference. Thereafter, Debtor defaulted with payments under the Note and is contractually due for March 1, 2009.

3. Subsequently, all right, title and interest under the Note and Deed of Trust was assigned to Creditor. A true and correct copy of the Corporation Assignment of Deed of Trust is attached hereto as exhibit C and incorporated herein by reference.

4. On or about June 29, 2009, Debtor filed a Chapter 13 bankruptcy petition. Debtor's Chapter 13 Plan provides for payments to the Trustee in the sum of $1,908.01 per month for sixty (60) months. However, the Debtor's Chapter 13 Plan makes no provision for the cure of Creditor's pre-petition arrears.

5. The pre-petition arrearage on Creditor's secured claim is in the sum of $15,998.40. A true and correct copy of Creditor's Proof of Claim is attached hereto as exhibit D and incorporated herein by reference.

6. Debtor is in default on post-petition mortgage payments for the months of July 1, 2009 through November 1, 2009. The post-petition arrears consist of five (5) payments at $2,838.61 each. The total post-petition default is $14,193.05.

7. Debtor will have to increase the payment through the Chapter 13 Plan to this Creditor to approximately $266.64 monthly in order to cure Creditor's pre-petition arrears over a period not to exceed sixty (60) months.

8. Debtor's Plan proposes to cram down Creditor's claim to $422,000.00, the alleged fair market value of the Subject Property, and pay such value within the term of the plan. For purposes of the Plan, the Debtor values the Subject Property at $422,000.00. To date, Creditor has received no evidence from the Debtor in support of the Debtor's valuation, nor has the Debtor provided such evidence to the Court.

Creditor now objects to the Chapter 13 Plan filed herein by the Debtor.

## II.

## ARGUMENT

Application of the provisions of 11 United States Code section 1325 determines when a plan shall be confirmed by the Court. Based on the above sections, and Ninth Circuit precedent more fully detailed below, this Plan cannot be confirmed as proposed.

### A. DOES NOT MEET FULL VALUE REQUIREMENT
11 U.S.C. § 1325(a)(5)(B)(ii).

The amount of arrearage in Debtor's Chapter 13 Plan is incorrect as Debtor's Plan fails to account for Creditor's pre-petition arrears. The actual pre-petition arrears on Creditor's claim equal $15,998.40, based on Creditor's Proof of Claim. As a result, the Plan fails to satisfy 11 U.S.C. § 1325(a)(5)(B)(ii).

### B. PROMPT CURE OF PRE-PETITION ARREARS
11 U.S.C. § 1322(d).

Debtor will have to increase the payment through the Chapter 13 Plan to this Creditor to approximately $266.64 monthly in order to cure Creditor's pre-petition arrears over a period not to exceed sixty (60) months.

### C. FEASIBILITY
11 U.S.C. § 1325(a)(6); 11 U.S.C. § 1322(d); 11 U.S.C. § 1322(b)(2)

Debtor's Schedule J indicates that the Debtor has disposable income of $<1,191.00>. However, Debtor proposes to apply $1,908.01 monthly to the Chapter 13 Plan. Even if the Debtor were successful in reducing the monthly payment to Creditor to $1,600.00 per month, Debtor would, nonetheless, lack sufficient monthly disposable income with which to fund his Plan. Specifically, the Debtor proposes to apply $1,908.01 to the Chapter 13 Plan, but in addition to the reduced payment to Creditor, the Debtor lists expenses on Schedule J in the amount of $1,041.00, for food, utilities, clothing, etc. Taking into account the Debtor's monthly income of $2,633.00, and assuming the Debtor succeeds in reducing the monthly payment due and owing to Creditor, the Debtor still has insufficient income with which to fund the Plan (i.e., the Debtor's total monthly expenses would

equal $2,641.00 ($1,600.00 to Creditor plus $1,041.00 in other expenses), leaving the Debtor with $<8.00> in disposable monthly income. Based upon the foregoing, confirmation of the Debtor's Plan must be denied.

Moreover, Debtor's Plan proposes an impermissible modification of Creditor's claim. 11 U.S.C. § 1322(b)(2) provides that a chapter 13 plan may "modify the rights of holders of secured claims, *other than a claim secured only by a security interest in real property that is the debtor's principal residence* . . . ." (emphasis added). In Nobelman v. American Savings Bank, 508 US 324 (1993), the Court pointed out that a creditor's rights

> "are reflected in the relevant mortgage instruments, which are enforceable under [state] law. They include the right to repayment of the principal in monthly payments over a fixed term at specified adjustable rates of interest . . . " *Id*. at 329.

In the instant case, Debtor's Chapter 13 Plan includes a proposal to modify Creditor's claim by reducing the outstanding balance of Creditor's claim to the current fair market value of the Subject Property and paying off the loan within the term of the Plan. Since the Debtor appears to maintain the Subject Property as his principal residence, the modification of Creditor's claim is impermissible under Section 1322(b)(2). Accordingly, Debtor's aforementioned proposed treatment of Creditor's claim constitutes an impermissible modification of the contractual rights of the holder of a secured claim in real property that is the Debtor's principal residence and, thus, confirmation of Debtor's Plan must be denied.

Further, even assuming Debtor were to establish the right to modify Creditor's claim, the Debtor's proposal is, nonetheless, impermissible. Binding Ninth Circuit precedent provides that when a "chapter 13 debtor proposes to reduce the monthly payments to the secured creditor, the loan must be paid in full over the life of the plan (which may not exceed five years)." In re Enewally, 368 F.3d 1165, 1171 (9th Cir. 2004). Moreover, the Debtor must make equal monthly payments to the secured creditor. See 11 U.S.C. § 1325(a)(5)(iii)(I).

In this case, the Debtor proposes to cram down Creditor's claim to the alleged current fair market value of the Subject Property, which the Debtor estimates is in the amount of $422,000.00, and to payoff the reduced balance of the loan by paying Creditor $1,600.00 per month. Alternatively,

the Debtor proposes to pay the balance of the secured claim by refinancing or selling the Subject Property during the term of the Plan. At the outset, Creditor requests an opportunity to obtain a complete appraisal of the Subject Property in order to more accurately ascertain its current fair market value. Absent evidence of value, the Debtor has failed to carry his burden of demonstrating the true fair market value of the Subject Property. In the event that the true fair market value of the property exceeds the Debtor's valuation, then it will likely be infeasible for the Debtor to pay off Creditor's reduced claim within the term of the Plan as required by <u>Enewally</u>. Moreover, even assuming Debtor's valuation is accurate, Debtor has insufficient income with which to make equal monthly payments to Creditor in order to payoff the reduced loan within the term of the Plan, as required by Section 1325(a)(5)(iii)(I). Based upon the foregoing, confirmation of the Debtor's Plan must be denied.

### D. **DEBTOR HAS FAILED TO MAKE ALL POST-PETITION PAYMENTS SINCE THE FILING OF THE PETITION**
11 U.S.C. § 1325(a)(5) & (a)(6).

Debtor is in default on post-petition mortgage payments for the months of July 1, 2009 through November 1, 2009. The post-petition arrears consist of five (5) payments at $2,838.61 each. The total post-petition default is $14,193.05.

**WHEREFORE**, Creditor respectfully requests:

1. That confirmation of the Debtor's Chapter 13 Plan be denied;

2. That Debtor's case be dismissed;

3. Alternatively, that the Plan be amended to reflect that the pre-petition arrears listed in Creditor's Proof of Claim be paid within a period not exceeding 60 months; and

4. For such other and further relief as this Court deems just and proper.

Respectfully submitted,

Dated: November 19, 2009      PITE DUNCAN, LLP

/s/ JOHN B. ACIERNO III CA SBN 257176
Attorneys for WELLS FARGO BANK, N.A. AS TRUSTEE FOR OPTION ONE MORTGAGE LOAN TRUST 2006-3 ASSET-BACKED CERTIFICATES, SERIES 2006-3